896 F.2d 1367
 15 Fed.R.Serv.3d 1395
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
PRIMARY ENERGY SYSTEMS, INC., Plaintiff-Appellant,
v.
FRIEDRICH CLIMATE MASTER, INC.; Friedrich Air Conditioning
& Refrigeration Co., Defendants-Appellees.
 No. 89-2431.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 24, 1989.
Decided: Feb. 14, 1990.
 
 Michael E. Ray, Sally A. Conti, R. Wilson Freyermuth, Womble, Carlyle, Sandridge & Rice; Randolph M. James, McCall & James, for appellant.
 Joseph T. Carruthers, J. Dennis Bailey, Bell, Davis & Pitt, P.A., for appellees.
 Before PHILLIPS, CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff appeals the denial of his Federal Rule of Civil Procedure 59(e) and 60(b) motions, which were made after the district court granted the defendants' motion for summary judgment on March 6, 1989. Finding that there was an abuse of discretion by the district court in failing to grant relief from the judgment, we reverse.
 
 
 2
 Primary Energy Systems, Inc. (PES) brought an action against Friedrich Climate Master, Inc. and Friedrich Air Conditioning & Refrigeration Co. (Friedrich) claiming that it had purchased over 100 water-source "low-temperature" heat pumps manufactured by Friedrich, that the heat pumps were warranted to be free of defects and suitable for geothermal heating and cooling, that many of the units failed to function properly, and that plaintiff's business reputation was damaged as a result. Defendants denied liability and discovery began under the supervision of the United States Magistrate. Discovery was scheduled to be concluded by April 30, 1988. Upon motion of the defendants, discovery was extended through June 30, 1988. Later, upon motion of the plaintiff, discovery was extended through August 29, 1988.
 
 
 3
 Both parties were delinquent in complying with discovery requests. Defendants initially failed to respond to plaintiff's first request for discovery and an order to compel was entered on May 4, 1988. PES was also subject to an order to compel discovery filed October 28, 1988, requiring compliance by November 14, 1988. PES complied within this time.
 
 
 4
 On September 28, 1988, Friedrich filed a motion for summary judgment, and in the memorandum accompanying the motion, Friedrich stated that discovery was over. However, the next day counsel for the parties executed a Joint Motion to Extend Discovery and the defendants' attorney forwarded the joint motion to the clerk of court with a letter explaining that through oversight in his office the plaintiff's attorney had not been served with a copy of the Motion to Compel Discovery filed on September 12, 1988. In this letter defendants' attorney also stated:
 
 
 5
 Earlier in this case, when defendants were late in discovery, Mr. James was extremely patient with me; and I want to reciprocate. Plaintiff has a legitimate interest in opposing our Motion for Summary Judgment. Defendants have a legitimate interest in finding out the basis of plaintiff's Complaint, including deposing any experts it has. I realize that both sides have requested and received discovery extensions in this case, but because of what has transpired, both parties again request the Court to grant an extension of discovery.
 
 
 6
 Enclosed please find a joint motion for the extension of discovery. This is the last discovery extension either side will request. During this extension, defendants propose to depose plaintiff's experts. Plaintiff plans to depose defendants' experts. Following this discovery, the issues to be tried will be more focused. Consequently, the extension of discovery should aid the Court in streamlining the case and simplifying the issues for trial, if any such issues exists. Defendants also request permission to file another Motion for Summary Judgment at the conclusion of the discovery extension.
 
 
 7
 As a result of this letter and the extension of discovery, plaintiff's attorney did not file anything in opposition to the plaintiff's motion for summary judgment filed September 28, 1988, which was the day preceding the date of the above quoted letter. The attorney interpreted the letter as a withdrawal or abandonment of the summary judgment motion, since the letter included a request by the defendants' attorney to file another motion for summary judgment after the conclusion of discovery. Discovery continued and depositions were taken.
 
 
 8
 Under Local Rule 3.09 of the Eastern District of North Carolina, depositions, interrogatories, requests for documents, requests for admissions and answers in response thereto are not filed with the court unless on order of the court or for use in the proceedings.
 
 
 9
 Unbeknownst to the parties, the file in the case was submitted to the district court on January 27, 1989, for a ruling on defendants' summary judgment motion. No hearing was conducted and the parties were not advised that the matter was under consideration. However, on March 6, 1989, the court granted defendants' motion for summary judgment and in his order indicated that there had been no response by the plaintiff to the motion. The court accepted the positions set forth by the defendants, and acted upon the record as it then existed. The record did not include any of plaintiff's discovery material because it had not been requested by the court and plaintiff's counsel thought the September 28, 1988, motion for summary judgment was not viable and would be replaced by another motion for summary judgment as indicated in defendants' attorney's letter of September 29, 1988, to the clerk of court.
 
 
 10
 Plaintiff made a timely motion under Federal Rule of Civil Procedure 59(e). This motion was denied and thereafter plaintiff filed a motion under Federal Rule of Civil Procedure 60(b), which the court denied as being repetitious.
 
 
 11
 A party moving under Rule 60(b) must demonstrate a mistake, that it acted promptly in seeking relief, that the granting of the motion will not cause the non-moving party unfair prejudice, and that it has a meritorious claim. Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir.1988). Although Augusta Fiberglass is a case involving a default judgment, it is obvious from the language of the district court's grant of summary judgment in the present case that he considered the plaintiff in default as to that motion, since the plaintiff had filed nothing in response thereto. We find that the plaintiff's attorney's interpretation of the defense attorney's letter of September 29, 1988, was reasonable. The language of the letter lends itself to a belief that no action would be taken on the summary judgment motion filed the previous day because a subsequent summary judgment motion would be filed. This qualifies as a mistake under the Rule. We also find that plaintiff acted promptly in seeking relief and that the relief from the judgment will not cause the defendant unfair prejudice. Defendant argues that certain witnesses it intended to use no longer work for the company. However, it has not shown that these witnesses are unavailable or that they may not be duly served with a subpoena requiring them to appear and testify.
 
 
 12
 The appellant must also show the presence of a meritorious defense. "A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." Augusta Fiberglass, 834 F.2d at 812. The record as it now exists reveals genuine issues of material fact as to whether the heat pumps were defective or failed to perform properly, and if proved this would be a meritorious defense.
 
 
 13
 Applying these principles to the present case, we find the district court erred in failing to grant relief from summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 14
 REVERSED.